IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HEATHER M. WILSON | * | |
|    Plaintiff | * | |
|    v. | * | Civil No. RDB-12-1731 |
| COUNTRY CARE, LLC | * | |
|    Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Plaintiff in this case filed the present action on June 12, 2012, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), on the basis of discrimination during her pregnancy. An answer was filed by counsel for the Defendant on November 19, 2012, and this Court immediately entered a Scheduling Order on that date.

Presently pending before this Court are a Motion to Compel and for Sanctions (ECF No. 12) and a Supplemental Motion to Compel and for Sanctions (ECF No. 13), as well as Defense Counsel's Motion to Withdraw (ECF No. 14). The Court conducted a telephone conference with counsel on this matter on May 23, 2013. There is absolutely no dispute that the Defendant has refused to reply to Plaintiff's Interrogatories and Request for Production of Documents despite repeated efforts. Furthermore, there is no dispute that the owner and general manager of the Defendant failed and refused to appear for a properly scheduled deposition on April 3, 2013. Furthermore, the owner and operator of the Defendant has discharged Defense Counsel. Counsel for the Defendant provided notice on April 3, 2013, consistent with the requirements of Local

Rule 101.2(b), of his intention to withdraw his appearance and putting the defendant on notice of the potentiality of a Default Judgment. *See* Apr. 3, 2013 Letter, Def.'s Ex. B, ECF No. 14-1.

Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party fails to serve answers or objections to interrogatories properly submitted under Rule 33, the Court may enter an order "rendering a default judgment against the disobedient party." See Fed. R. Civ. P. 37(b)(2)(vi), (d)(3). "Federal district courts possess great discretion to sanction parties for failure to obey discovery orders." *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 518 (D. Md. 2000) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991)).

When the sanction imposed is judgment by default, this Court's discretion is guided by consideration of the following factors:

1. Whether the noncomplying party acted in bad faith;
2. The amount of prejudice his noncompliance caused his adversary;
3. The need for deterrence of the particular sort of noncompliance; and
4. The effectiveness of less drastic sanctions;

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). The use of this test "insure[s] that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of . . . judgment by default." *Id* at 92. The Defendant has clearly acted in bad faith in this matter, refusing to cooperate with its attorney and refusing to provide any responses to any discovery. This total disregard for this Court cannot be countenanced. The bad faith in this matter is abundantly clear. Any lesser sanction would merely ratify the disrespect shown for this Court.

Accordingly, the Plaintiff's Motion to Compel and for Sanctions (ECF No. 12) and Supplemental Motion (ECF No. 13) are GRANTED. The Motion to Withdraw (ECF No. 15) as filed by defense counsel is now MOOT in light of the Default Judgment being entered by separate Order which follows.

May 23, 2013 /s/
Date Richard D. Bennett
United States District Judge